**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., a minor, by and through his father, MICHAEL FISHER, and his mother, KATHERINE FISHER,** | § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:23-cv-01102-O** |
| **v.** | § § § | |
| **CARROLL INDEPENDENT SCHOOL DISTRICT, WHITNEY WHEELER, in her individual capacity and capacity as Principal of Durham Intermediate School, AND KIM RAY, in her individual capacity and capacity as Assistant Principal and Campus Behavior Coordinator of Durham Intermediate School,** | § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § | |

**PLAINTIFF M.F.'S BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
TO COMPEL EXPEDITED DISCOVERY, OR, IN THE ALTERNATIVE, TO EXTEND
THE TRO AND CONTINUE THE PRELIMINARY-INJUNCTION HEARING
<u>TO CONDUCT EXPEDITED DISCOVERY</u>**

Plaintiff M.F., a minor, by and through his father, Michael Fisher, and his mother, Katherine Fisher ("<u>Plaintiff</u>"), files this Brief in Support of Plaintiff's Emergency Motion to Compel Limited Expedited Discovery, or, In the Alternative, to Extend the TRO and Continue the Preliminary-Injunction Hearing to Conduct Expedited Discovery (the "<u>Motion</u>"), showing as follows:

# I.

## __INTRODUCTION__

The Court is to conduct a hearing on November 16, 2023, to decide whether a child should be exiled from his school because of his off-campus, out-of-school speech—which Defendants admit would be a disciplinary punishment—and placed in an alternative school with the likes of those who commit violence or use drugs. Rather than uphold their pedagogical mandate and allow the child's parents to be the rightful instrumentalities of child-rearing, Defendants are adamant about punishing him for his speech, having rejected an offer to simply convert this Court's TRO into an agreed preliminary injunction to avoid dragging a child through this ordeal.

This Motion seeks a very narrow, limited set of documents that Defendants placed at issue in their briefing on the motion for temporary restraining order. The purpose of this discovery is twofold: (1) to clarify and narrow any disputed issues of fact to be presented during the preliminary-injunction hearing, and (2) to verify certain claims made under oath. Thus, the requested discovery is relevant, as every area of inquiry was put at issue by Defendants. And the requested discovery is narrowly tailored to request the documentary or other factual bases behind various facts sworn (or to be sworn) by one or more of Defendants' witnesses.

During the meet and confer, Defendants opposed the requested discovery on the basis of "prejudice." While it is somewhat of a struggle to picture how it could be prejudicial to have to provide the evidence that proves one's factual claims prior to an evidentiary hearing, it is for the Court to decide what to do with such a conclusory assertion. Recognizing that new counsel has just appeared, Plaintiff even offered a brief extension of the TRO and a continuance of the preliminary-injunction hearing for a short period so this expedited discovery could be conducted not so rapidly, assuming that was the issue. Defendants refused.

## II.

## <u>BACKGROUND</u>

This case is about an eleven-year-old child, a crude, immature, social-media post, and public-school administrators determined to stand *in loco parentis* whenever they see fit. As the Court is already generally familiar with facts underlying this case, *see* Orig. Verif. Compl. at ¶¶ 11–60, ECF No. 1; Order at 2–7, ECF No. 13, Plaintiff does not restate those facts here.

On November 4, 2023, the Court granted Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Emergency Hearing. ECF No. 13. In the order, the Court set a hearing for November 16, 2023, at 9:00 a.m., at which time the Court would determine whether the injunctive relief the Court granted Plaintiff "should continue during the life of this lawsuit." Order at 23, ECF No. 13.

Over the next few days, counsel for Plaintiff and Defendants met and conferred regarding next steps, during which case resolution was discussed. Towards the close of business on November 7, 2023, counsel for Plaintiff was informed by counsel for Defendants that Defendants had decided to proceed with the preliminary-injunction hearing the Court had set in its order. As such, counsel for Plaintiff regrouped to quickly determine next steps.

That next day, Griffin Rubin ("<u>Rubin</u>"), counsel for Plaintiff, emailed Thomas Fisher and Katie Pestcoe, then-counsel for Defendants, and transmitted to them an initial set of requests for production to each Defendant—Carroll Independent School District (the "<u>District</u>"), Whitney Wheeler ("<u>Wheeler</u>"), and Kim Ray ("<u>Ray</u>"). Decl. of Griffin S. Rubin at ¶ 3, APP.001; *see also* APP.003–.025. At that time, Rubin asked whether counsel for Defendants would agree to respond to the expedited discovery requests considering the impending hearing. *See* Email from G. Rubin to T. Fisher et al., Nov. 8, 2023, APP.003.

Ultimately, Tim Davis, now-counsel for Defendants, informed counsel for Plaintiff at the November 9, 2023 meet and confer that Defendants opposed the expedited discovery requests and would not respond to them absent an order of the Court. Decl. of Griffin S. Rubin at ¶ 8, APP.002.

### III.

### LEGAL STANDARD

In standard situations, parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d)(1). That rule has exceptions—relevant here, discovery may be sought before the Rule 26(f) conference "when authorized . . . stipulation[] or by court order." *Id.* Courts may order such expedited discovery "if there is some showing of good cause to justify the order." *Paul v. Aviva Life & Annuity Co.*, No. 3:09-cv-1490, 2009 U.S. Dist. LEXIS 106483, at *2 (N.D. Tex. Nov. 12, 2009); *see Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-cv-00509, 2012 U.S. Dist. LEXIS 180841, at *2 (E.D. Tex. Dec. 21, 2012) ("An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery."). And though "little authority exists" regarding this standard and "the availability of expedited discovery" when a preliminary-injunction hearing is pending, "expedited discovery has been granted where the movant's requests were narrowly tailored, and the discovery would 'better enable the court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Northstar Offshore Ventures, LLC v. Tana Expl. Co., No.* 3:18-cv-2025, 2018 U.S. Dist. LEXIS 140977, at *22 (N.D. Tex. Aug. 20, 2018) (internal quotations marks and citations omitted).

## IV.

## ARGUMENTS AND AUTHORITIES

### A.  THE REQUESTED DISCOVERY IS RELEVANT, NARROWLY TAILORED, AND WOULD BETTER ENABLE THE COURT TO ADJUDICATE THE PRELIMINARY-INJUNCTION HEARING

There is little doubt that the narrow, limited set of documents Plaintiff seeks here satisfies the applicable good-cause standard. To start, "courts have determined that 'expedited discovery is appropriate in cases involving preliminary injunctions.'" *Id.* at *23 (internal quotations marks and citations omitted). Seeing as a preliminary-injunction hearing is impending and a TRO has already been granted, good cause for the expedited discovery is likely abundant on its face.

Moreover, just examining the actual requests at issue demonstrates their relevance—they simply ask for limited materials to verify facts put at issue by Defendants.

The requests are also narrowly tailored to just what would substantiate the facts Defendants have raised. For instance, take the requests directed to the District. *See* APP.004–.010. Plaintiff simply requests (i) the communications in the District's possession, custody, or control Defendants reference in their TRO briefing; (2) any documents the District has in its possession, custody, or control related to the investigation and discipline of Plaintiff (which is in Defendants' exclusive possession and core to the merits here); and (3) the legally required recording of Plaintiff's administrative hearing in this action. Plaintiff is asking for basic materials that are quite relevant to the merits of Defendants' asserted positions in their response to the TRO. *See id.* at APP.010; *see also, e.g.*, Defs' Br. at 11, ECF No. 8 ("[T]he District began to receive emails and calls from concerned parents."); *id.* at 12 ("[P]arents began coming to the school in waves to drop off 'evidence' of what had occurred on social media over the weekend; several students asked to see counselors."); *id.* at 14 (mentioning "the profound impact on students and the educational environment"). These requests could not be tailored any more narrowly, and they result from

deliberate drafting intended only to procure evidentiary items critical to the merits that Defendants may place on their exhibit list.

Even fewer requests are directed to Ray, and so long as Ray did not commingle her work papers and devices with her personal papers and devices, she will likely have no responsive documents. *See* APP.025. The same logic applies to the first two requests directed to Wheeler, *see* APP.017, and the remaining pair of requests are lodged only because Wheeler explicitly placed these matters at issue in her affidavit in support of Defendants' response to the motion for TRO, *see id.* at APP.017–.018. *See also* Aff. of Whitney Wheeler, ECF No. 8-1.

Furthermore, there can be no doubt that these materials "would 'better enable the [C]ourt to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Northstar*, 2018 U.S. Dist. LEXIS 140977, at *22 (internal quotations marks and citations omitted). Every request for production directed to each Defendant cuts to the core of key issues inherent in the Court's impending preliminary-injunction decision. For example, the communications allegedly from students, parents, and community members that evidence any supposed disruption to the school environment, and whether Plaintiff's speech was actually involved, go right to the "demanding" substantial-disruption standard Defendants must meet. *See M.F. v. Carroll Indep. Sch. Dist.*, No. 4:23-cv-01102, 2023 U.S. Dist. LEXIS 199351, at *17–23 (N.D. Tex. Nov. 4, 2023). Defendants have made conclusory claims about the existence of a substantial disruption caused by Plaintiff's speech—they should have to prove it.

Just as well, the requests for documents relating to the investigation and discipline of Plaintiff are evidence speaking to the heart of the matter here—the decision-making process undergirding and (purportedly) substantiating Defendants' actions in this case. Ensuring that Plaintiff can review and provide all relevant facts, not just those Defendants wish to selectively

present to justify their unconstitutional overreaction, is necessary so that the Court can best adjudicate the issues before it.

Because the narrow, limited set of documents Plaintiff requests from Defendants comes in the form of narrowly tailored requests and will better enable the Court to judge the parties' interests and respective chances for success on the merits at the preliminary-injunction hearing, good cause is present, and the Court should order the expedited discovery.

**B.  EVEN IF THE COURT FOUND THAT DEFENDANTS WOULD BE PREJUDICED FROM THE TIMING OF THE REQUESTED DISCOVERY, THE COURT COULD EXTEND THE TRO AND CONTINUE THE PRELIMINARY-INJUNCTION HEARING TO PERMIT THE EXPEDITED DISCOVERY**

When conducting this analysis, some courts look to the burden on the responding party to comply with the discovery requests. *See, e.g.*, *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 n.4 (S.D. Tex. 2011). And Plaintiff is not so obtuse or unrealistic to contend that the expedited requested discovery might impose a modicum of burden on Defendants. While Plaintiff nevertheless contends that the good cause present considerably outweighs any potential burden Defendants might experience in complying with the requests, the Court has another option at its disposal—extending the TRO. *See* FED. R. CIV. P. 65(b)(2). This Court has recently affirmed the authority to do so. *See Nat'l Ass'n for Gun Rights, Inc. v. Garland*, No. 4:23-cv-00830, 2023 U.S. Dist. LEXIS 153105, at *36–38 (N.D. Tex. Aug. 30, 2023).

Considering the good cause present to grant the expedited discovery and the Court's TRO, a single, short extension of the Court's TRO and a short continuance of the preliminary-injunction hearing could easily resolve any burden Defendants may claim from the expedited discovery. Accordingly, to the extent the Court determines that any burden may inure to Defendants in responding to the requested expedited discovery, a short extension of the TRO and continuance of the preliminary-injunction are readily available to alleviate such burden.

## V.

## <u>CONCLUSION</u>

For these reasons, Plaintiff respectfully requests that the Court compel Defendants to respond in full to Plaintiff's expedited discovery requests. In the alternative, Plaintiff respectfully requests that the Court extend the existing TRO and continue the preliminary-injunction hearing for a short period of time to permit the requested expedited discovery.

Dated: November 10, 2023               Respectfully submitted,

*/s/ Griffin S. Rubin*              

**Mazin A. Sbaiti**
Texas Bar No. 24058096
mas@sbaitilaw.com
**Jonathan Bridges**
Texas Bar No. 24028835
jeb@sbaitilaw.com
**Griffin S. Rubin**
Texas Bar No. 24121809
gsr@sbaitilaw.com
**SBAITI & COMPANY PLLC**
Dallas Arts Tower
2200 Ross Ave., Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367

**ATTORNEYS FOR PLAINTIFF**