**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., a minor, by and through his father,** | § | |
| **MICHAEL FISHER, and his mother,** | § | |
| **KATHERINE FISHER,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:23-cv-01102-O** |
| | § | |
| **v.** | § | |
| | § | |
| **CARROLL INDEPENDENT** | § | **JURY TRIAL DEMANDED** |
| **SCHOOL DISTRICT, WHITNEY** | § | |
| **WHEELER, in her individual capacity** | § | |
| **and capacity as Principal of Durham** | § | |
| **Intermediate School, AND KIM RAY,** | § | |
| **in her individual capacity and capacity** | § | |
| **as Assistant Principal and Campus** | § | |
| **Behavior Coordinator of Durham** | § | |
| **Intermediate School,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF M.F.'S APPENDIX IN SUPPORT OF HIS BRIEF IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION TO COMPEL LIMITED EXPEDITED
DISCOVERY, OR, IN THE ALTERNATIVE, TO EXTEND THE TRO AND CONTINUE
THE PRELIMINARY-INJUNCTION HEARING TO
<u>CONDUCT EXPEDITED DISCOVERY</u>**

Pursuant to Local Rules 7.1(i) and 7.2(e), Plaintiff M.F., a minor, by and through his father,

Michael Fisher, and his mother, Katherine Fisher, files this Appendix in Support of His Brief in

Support of His Emergency Motion to Compel Limited Expedited Discovery and for Leave to Take

Expedited Deposition, or, in the Alternative, to Extend the TRO and Continue the

Preliminary-Injunction Hearing to Conduct Expedited Discovery.

Plaintiff relies on the following in support of his Motion:

| Exhibit | Document | Appendix Page |
|:---:|:---:|:---:|
| A | Declaration of Griffin S. Rubin | 001–002 |
| 1 | Email from G. Rubin to T. Fisher et al., dated November 8, 2023 | 003 |
| 2 | Plaintiff's First Request for Production to Defendant Carroll Independent School District | 004–010 |
| 3 | Plaintiff's First Request for Production to Defendant Whitney Wheeler | 011–018 |
| 4 | Plaintiff's First Request for Production to Defendant Kim Ray | 019–025 |

Dated: November 10, 2023                         Respectfully submitted,


                                                 */s/ Griffin S. Rubin*
                                                 **Mazin A. Sbaiti**
                                                 Texas Bar No. 24058096
                                                 mas@sbaitilaw.com
                                                 **Jonathan Bridges**
                                                 Texas Bar No. 24028835
                                                 jeb@sbaitilaw.com
                                                 **Griffin S. Rubin**
                                                 Texas Bar No. 24121809
                                                 gsr@sbaitilaw.com
                                                 **SBAITI & COMPANY PLLC**
                                                 Dallas Arts Tower
                                                 2200 Ross Ave., Suite 4900W
                                                 Dallas, Texas 75201
                                                 T: (214) 432-2899
                                                 F: (214) 853-4367

                                                 **ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **M.F., a minor, by and through his father, MICHAEL FISHER, and his mother, KATHERINE FISHER,** § § § § | |
| **Plaintiff,** § | **Civil Action No. 4:23-cv-01102-O** |
| § | |
| **v.** § | |
| § | |
| **CARROLL INDEPENDENT SCHOOL DISTRICT, WHITNEY WHEELER, in her individual capacity and capacity as Principal of Durham Intermediate School, AND KIM RAY, in her individual capacity and capacity as Assistant Principal and Campus Behavior Coordinator of Durham Intermediate School,** § § § § § § § § § § | |
| § | |
| **Defendants.** § § | |

## DECLARATION OF GRIFFIN S. RUBIN

1.     My name is Griffin Simon Rubin. My date of birth is November 26, 1994. I am over the age of 18, am competent to make this Declaration, and do so based on personal knowledge.

2.     I represent Plaintiff M.F., a minor, by and through his father, Michael Fisher, and his mother, Katherine Fisher, in this action.

3.     On November 8, 2023, eight calendar days prior to the current setting for the preliminary-injunction hearing in this action, I emailed Thomas Fisher and Katie Pestcoe, then-counsel for Defendants, and transmitted to them an initial set of requests for production, one for each Defendant.

4.     Attached hereto as Exhibit 1 is a true and correct copy of the email referenced in the preceding paragraph.

**DECLARATION OF GRIFFIN S. RUBIN**                    **EXHIBIT A**                    **Page 1**

APP_001

5.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Request for Production to Defendant Carroll Independent School District, which was attached to the email referenced above in paragraph 3.

6.      Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's First Request for Production to Defendant Whitney Wheeler, which was attached to the email referenced above in paragraph 3.

7.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's First Request for Production to Defendant Kim Ray, which was attached to the email referenced above in paragraph 3.

8.      At the November 9, 2023 meet and confer, now-counsel for Defendants, Tim Davis, informed counsel for Plaintiff that Defendants opposed the expedited discovery requests and would not respond to them absent an order of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2023.

_____

Griffin S. Rubin

**Melissa Pittmon**

| | |
|---|---|
| **From:** | Griffin S. Rubin |
| **Sent:** | Wednesday, November 8, 2023 12:16 PM |
| **To:** | Thomas Fisher; Katie Pestcoe |
| **Cc:** | Mazin Sbaiti; Melissa Pittmon; Kim James |
| **Subject:** | M.F. v. Carroll Independent School District - Expedited Discovery |
| **Attachments:** | 231108 First RFPs to Carroll ISD.pdf; 231108 First RFPs to Whitney Wheeler.pdf; 231108 First RFPs to Kim Ray.pdf |
| | |
| **Importance:** | High |

Counsel,

Please find attached the first set of requests for production directed to Defendants Carroll ISD, Whitney Wheeler, and Kim Ray. Plaintiff is requesting this discovery on an expedited basis considering the preliminary-injunction hearing slated for next week going forward. Please inform us no later than <u>5:00 pm today</u> if Defendants agree to this expedited discovery. Otherwise, Plaintiff will file a motion to compel expedited discovery.

Please let me know if you would like to discuss further—I will be available by phone the rest of the day. Thank you.

Regards,



G RIFFIN S. R UBIN | ATTORNEY

 S BAITI & C OMPANY PLLC

Dallas Arts Tower | 2200 Ross Ave., Suite 4900W | Dallas, Texas | 75201
Tel: (214) 432-2899 ext. 109 | Fax: (214) 853-4367
https://www.SbaitiLaw.com



APP_003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., a minor, by and through his father,** | § | |
| **MICHAEL FISHER, and his mother,** | § | |
| **KATHERINE FISHER,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:23-cv-01102-O** |
| | § | |
| **v.** | § | |
| | § | |
| **CARROLL INDEPENDENT** | § | **JURY TRIAL DEMANDED** |
| **SCHOOL DISTRICT, WHITNEY** | § | |
| **WHEELER, in her individual capacity** | § | |
| **and capacity as Principal of Durham** | § | |
| **Intermediate School, AND KIM RAY,** | § | |
| **in her individual capacity and capacity** | § | |
| **as Assistant Principal and Campus** | § | |
| **Behavior Coordinator of Durham** | § | |
| **Intermediate School,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT CARROLL INDEPENDENT SCHOOL DISTRICT**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff M.F., a minor, by and through his

father, Michael Fisher, and his mother, Katherine Fisher ("Plaintiff"), requests that Defendant

Carroll Independent School District (the "District") respond to the following Requests for

Production and produce documents no later than November 12, 2023.

Plaintiff respectfully requests that responses to these Requests and all responsive

documents be produced to Griffin S. Rubin at the offices of Sbaiti & Company PLLC, 2200 Ross

Avenue, Suite 4900W, Dallas, Texas 75201. If responsive documents are to be produced

electronically, please email the link to Sbaiti & Company at the following email addresses:

MAS@SbaitiLaw.com,          GSR@SbaitiLaw.com,          KRJ@SbaitiLaw.com,          and

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT CARROLL INDEPENDENT SCHOOL DISTRICT**

**EXHIBIT**

**2**

Page 1

APP_004

MGP@SbaitiLaw.com. All counsel of record for Plaintiff should be served using their email addresses as included in this signature block of this Request for Production.


Dated: November 8, 2023                                    Respectfully submitted,


                                                           */s/ Griffin S. Rubin*
                                                           **Mazin A. Sbaiti**
                                                           Texas Bar No. 24058096
                                                           mas@sbaitilaw.com
                                                           **Griffin S. Rubin**
                                                           Texas Bar No. 24121809
                                                           gsr@sbaitilaw.com
                                                           **SBAITI & COMPANY PLLC**
                                                           Dallas Arts Tower
                                                           2200 Ross Ave., Suite 4900W
                                                           Dallas, Texas 75201
                                                           T: (214) 432-2899
                                                           F: (214) 853-4367

                                                           **ATTORNEYS FOR PLAINTIFF**

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.     Please produce all documents as they are kept in the usual course usual course of business. Please label each document by means of a Bates number and identify the Request(s) to which the document is responsive.

2.     If there are no documents responsive to a particular Request, please state "No responsive document is being produced" in writing, rather than leaving that request unanswered.

3.     If you withhold from production any document requested herein on the grounds of attorney-client privilege, work-product immunity, or otherwise, please state with specificity a full identification of the withheld document, and the specific privilege, protection or immunity asserted for the document. A full identification of each document should include:

   a)     Bates number(s) assigned to the document;

   b)     Type of document;

   c)     Date of document(s)' first publication, availability or release;

   d)     Authors(s) or creator(s) of document;

   e)     Nature of privilege asserted for document (*e.g.*, attorney-client, work product); and

   f)     Description of document and its subject matter (with sufficient detail to enable Plaintiff's counsel to assess applicability of the claimed privilege).

4.     Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted or removed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.      If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6.      Pursuant to Rule 34(b)(2)(B), if you object to a Request, the grounds for each objection must be stated with specificity.

7.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

8.      If, in responding to a Request, you encounter any ambiguities when construing a phrase or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding to that Request.

9.      If any Request, or a portion thereof, is duplicative of a previous Request to which documents have already been produced, you need not reproduce such documents but you are requested to notify Plaintiff that such documents are among those already produced, and identify the responsive documents by Bates Number.

10.     If a requested document is maintained in a file, the file folder is included in the Request for production of the document.

11.     It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine. If any Request is susceptible of a construction which calls for the production of such material, that material should be produced with the purportedly privileged portion redacted or removed. When such a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

12.     These Requests shall be deemed continuing. If, after responding to any Request, you obtain or become aware of any further documents or things responsive to these Requests, you are required to supplement your responses and to provide Plaintiff with such additional documents or things without hesitation or delay.

13.     You should produce all documents from the past four years in response to these Requests, unless otherwise instructed.

## DEFINITIONS

14.     The definitions herein may use and incorporate other defined terms.

15.     "And" and "or" shall, for purposes of interpreting and construing the scope and nature of this discovery request, be given the most expansive and inclusive interpretation, unless otherwise stated. These terms shall be construed conjunctively or disjunctively as necessary to make the Request(s) inclusive rather than exclusive.

16.     As used herein, "Communication" or "Communications" means the transmittal of information in any form or medium, including any telephone conversations (including recorded or taped telephone conversations), voice messages (including messages left on cellular phones), letters, correspondence, notes, facsimiles, Email, instant messages, text messages, blog entries, postings on internet websites, internal call notes, internal messaging services such as slack communications, or other forms of written or verbal intercourse (electronic or otherwise), and any Documents exchanged.

17.     As used herein, the term "Concerning" shall mean regarding, in connection with, pertaining to, reflecting, respecting, relating to, referring to, setting forth, describing, evidencing, showing, disclosing, constituting, containing, and terms of similar import.

18.     The "District" refers to Carroll Independent School District and includes its principals, employees, control persons, affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents acting on its behalf.

19.     As used herein, "Document" or "Documents" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded,  and voice recorded  materials maintained electronically (including, but not limited to, electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedule transparencies, recordings, audio/digital records, catalogs, advertisements, promotional materials, films, videotapes, audio tapes, digital/audio records, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes.  The term "Document" or "Documents" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are

otherwise not identical to the original documents.  Any document with marks such as initials, comments, or notations of any kind not identical to one without such marks is to be produced as a separate document.  If the original of a document contains information not reflected on the copy, please produce the original.

20.     The term "this Lawsuit" refers to the action in which these Requests are being served.

21.     "M.F." refers to Plaintiff M.F., a minor, by and through his father, Michael Fisher, and his mother, Katherine Fisher.

22.     Any reference to the singular shall be deemed to include the plural, and any reference to the plural shall be deemed to include the singular.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Each Communication Concerning the posts M.F. created and published at issue in this Lawsuit.

  **RESPONSE**:


**REQUEST FOR PRODUCTION NO. 2**:  Each Document Concerning any investigation and discipline of M.F. Concerning the posts M.F. created and published at issue in this Lawsuit.

  **RESPONSE**:


**REQUEST FOR PRODUCTION NO. 3**:  A true and correct copy of the recording of M.F.'s administrative hearing that took place at Durham Intermediate School on October 27, 2023.

  **RESPONSE**:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., a minor, by and through his father,** | § | |
| **MICHAEL FISHER, and his mother,** | § | |
| **KATHERINE FISHER,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:23-cv-01102-O** |
| | § | |
| **v.** | § | |
| | § | |
| **CARROLL INDEPENDENT** | § | **JURY TRIAL DEMANDED** |
| **SCHOOL DISTRICT, WHITNEY** | § | |
| **WHEELER, in her individual capacity** | § | |
| **and capacity as Principal of Durham** | § | |
| **Intermediate School, AND KIM RAY,** | § | |
| **in her individual capacity and capacity** | § | |
| **as Assistant Principal and Campus** | § | |
| **Behavior Coordinator of Durham** | § | |
| **Intermediate School,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
**<u>DEFENDANT WHITNEY WHEELER</u>**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff M.F., a minor, by and through his

father, Michael Fisher, and his mother, Katherine Fisher ("<u>Plaintiff</u>"), requests that Defendant

Whitney Wheeler ("<u>Wheeler</u>") respond to the following Requests for Production and produce

documents no later than November 12, 2023.

Plaintiff respectfully requests that responses to these Requests and all responsive

documents be produced to Griffin S. Rubin at the offices of Sbaiti & Company PLLC, 2200 Ross

Avenue, Suite 4900W, Dallas, Texas 75201. If responsive documents are to be produced

electronically, please email the link to Sbaiti & Company at the following email addresses:

MAS@SbaitiLaw.com,          GSR@SbaitiLaw.com,          KRJ@SbaitiLaw.com,          and

---

EXHIBIT

3

MGP@SbaitiLaw.com. All counsel of record for Plaintiff should be served using their email addresses as included in this signature block of this Request for Production.

Dated: November 8, 2023

Respectfully submitted,

*/s/ Griffin S. Rubin*

**Mazin A. Sbaiti**
Texas Bar No. 24058096
mas@sbaitilaw.com
**Griffin S. Rubin**
Texas Bar No. 24121809
gsr@sbaitilaw.com
**SBAITI & COMPANY PLLC**
Dallas Arts Tower
2200 Ross Ave., Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367

**ATTORNEYS FOR PLAINTIFF**

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.      Please produce all documents as they are kept in the usual course usual course of business. Please label each document by means of a Bates number and identify the Request(s) to which the document is responsive.

2.      If there are no documents responsive to a particular Request, please state "No responsive document is being produced" in writing, rather than leaving that request unanswered.

3.      If you withhold from production any document requested herein on the grounds of attorney-client privilege, work-product immunity, or otherwise, please state with specificity a full identification of the withheld document, and the specific privilege, protection or immunity asserted for the document. A full identification of each document should include:

a)      Bates number(s) assigned to the document;

b)      Type of document;

c)      Date of document(s)' first publication, availability or release;

d)      Authors(s) or creator(s) of document;

e)      Nature of privilege asserted for document (*e.g.*, attorney-client, work product); and

f)      Description of document and its subject matter (with sufficient detail to enable Plaintiff's counsel to assess applicability of the claimed privilege).

4.      Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted or removed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

---

5.      If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6.      Pursuant to Rule 34(b)(2)(B), if you object to a Request, the grounds for each objection must be stated with specificity.

7.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

8.      If, in responding to a Request, you encounter any ambiguities when construing a phrase or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding to that Request.

9.      If any Request, or a portion thereof, is duplicative of a previous Request to which documents have already been produced, you need not reproduce such documents but you are requested to notify Plaintiff that such documents are among those already produced, and identify the responsive documents by Bates Number.

10.     If a requested document is maintained in a file, the file folder is included in the Request for production of the document.

11.     It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine. If any Request is susceptible of a construction which calls for the production of such material, that material should be produced with the purportedly privileged portion redacted or removed. When such a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

---

12.     These Requests shall be deemed continuing. If, after responding to any Request, you obtain or become aware of any further documents or things responsive to these Requests, you are required to supplement your responses and to provide Plaintiff with such additional documents or things without hesitation or delay.

13.     You should produce all documents from the past four years in response to these Requests, unless otherwise instructed.

## **DEFINITIONS**

14.     The definitions herein may use and incorporate other defined terms.

15.     "And" and "or" shall, for purposes of interpreting and construing the scope and nature of this discovery request, be given the most expansive and inclusive interpretation, unless otherwise stated. These terms shall be construed conjunctively or disjunctively as necessary to make the Request(s) inclusive rather than exclusive.

16.     The "Affidavit" refers to Your affidavit You executed on November 2, 2023, a true and correct copy of which can be found at ECF No. 8-1.

17.     As used herein, "Communication" or "Communications" means the transmittal of information in any form or medium, including any telephone conversations (including recorded or taped telephone conversations), voice messages (including messages left on cellular phones), letters, correspondence, notes, facsimiles, Email, instant messages, text messages, blog entries, postings on internet websites, internal call notes, internal messaging services such as slack communications, or other forms of written or verbal intercourse (electronic or otherwise), and any Documents exchanged.

18.     As used herein, the term "Concerning" shall mean regarding, in connection with, pertaining to, reflecting, respecting, relating to, referring to, setting forth, describing, evidencing, showing, disclosing, constituting, containing, and terms of similar import.

19.     As used herein, "Document" or "Documents" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded,  and voice recorded  materials maintained electronically (including, but not limited to, electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedule transparencies, recordings, audio/digital records, catalogs, advertisements, promotional materials, films, videotapes, audio tapes, digital/audio records, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes.  The term "Document" or "Documents" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are

otherwise not identical to the original documents.  Any document with marks such as initials, comments, or notations of any kind not identical to one without such marks is to be produced as a separate document.  If the original of a document contains information not reflected on the copy, please produce the original.

20.     The term "this Lawsuit" refers to the action in which these Requests are being served.

21.     "M.F." refers to Plaintiff M.F., a minor, by and through his father, Michael Fisher, and his mother, Katherine Fisher.

22.     "You" and "Your" refers to the person(s) to whom these Requests are directed.

23.     Any reference to the singular shall be deemed to include the plural, and any reference to the plural shall be deemed to include the singular.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**:  Each Communication You made or received, regardless of the capacity in which You made or received such Communication(s), Concerning the posts M.F. created and published at issue in this Lawsuit.

      **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**:  Each Document reflecting any investigation, or any parties thereof, and discipline of M.F. Concerning the posts M.F. created and published at issue in this Lawsuit.

      **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**:  Each Communication and Document Concerning, as You stated in the Affidavit, "the mistruths within this lawsuit and the constant bullying from the community."

      **RESPONSE**:

APP_017

**REQUEST FOR PRODUCTION NO. 4**:  Each Communication and Document Concerning, as You stated in the Affidavit, the "toll on [Your] mental health and overall well-being" allegedly caused by this Lawsuit.

      **RESPONSE**:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., a minor, by and through his father,** | § | |
| **MICHAEL FISHER, and his mother,** | § | |
| **KATHERINE FISHER,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:23-cv-01102-O** |
| | § | |
| **v.** | § | |
| | § | |
| **CARROLL INDEPENDENT** | § | **JURY TRIAL DEMANDED** |
| **SCHOOL DISTRICT, WHITNEY** | § | |
| **WHEELER, in her individual capacity** | § | |
| **and capacity as Principal of Durham** | § | |
| **Intermediate School, AND KIM RAY,** | § | |
| **in her individual capacity and capacity** | § | |
| **as Assistant Principal and Campus** | § | |
| **Behavior Coordinator of Durham** | § | |
| **Intermediate School,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT KIM RAY

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff M.F., a minor, by and through his

father, Michael Fisher, and his mother, Katherine Fisher ("Plaintiff"), requests that Defendant Kim

Ray ("Ray") respond to the following Requests for Production and produce documents no later

than November 12, 2023.

Plaintiff respectfully requests that responses to these Requests and all responsive

documents be produced to Griffin S. Rubin at the offices of Sbaiti & Company PLLC, 2200 Ross

Avenue, Suite 4900W, Dallas, Texas 75201. If responsive documents are to be produced

electronically, please email the link to Sbaiti & Company at the following email addresses:

MAS@SbaitiLaw.com,          GSR@SbaitiLaw.com,          KRJ@SbaitiLaw.com,          and



**EXHIBIT**

**4**

MGP@SbaitiLaw.com. All counsel of record for Plaintiff should be served using their email addresses as included in this signature block of this Request for Production.

Dated: November 8, 2023                    Respectfully submitted,

                                           */s/ Griffin S. Rubin*
                                           **Mazin A. Sbaiti**
                                           Texas Bar No. 24058096
                                           mas@sbaitilaw.com
                                           **Griffin S. Rubin**
                                           Texas Bar No. 24121809
                                           gsr@sbaitilaw.com
                                           **SBAITI & COMPANY PLLC**
                                           Dallas Arts Tower
                                           2200 Ross Ave., Suite 4900W
                                           Dallas, Texas 75201
                                           T: (214) 432-2899
                                           F: (214) 853-4367

                                           **ATTORNEYS FOR PLAINTIFF**

---

APP_020

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.      Please produce all documents as they are kept in the usual course usual course of business. Please label each document by means of a Bates number and identify the Request(s) to which the document is responsive.

2.      If there are no documents responsive to a particular Request, please state "No responsive document is being produced" in writing, rather than leaving that request unanswered.

3.      If you withhold from production any document requested herein on the grounds of attorney-client privilege, work-product immunity, or otherwise, please state with specificity a full identification of the withheld document, and the specific privilege, protection or immunity asserted for the document. A full identification of each document should include:

      a)      Bates number(s) assigned to the document;

      b)      Type of document;

      c)      Date of document(s)' first publication, availability or release;

      d)      Authors(s) or creator(s) of document;

      e)      Nature of privilege asserted for document (*e.g.*, attorney-client, work product); and

      f)      Description of document and its subject matter (with sufficient detail to enable Plaintiff's counsel to assess applicability of the claimed privilege).

4.      Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted or removed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT KIM RAY**          **Page 3**

5.      If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6.      Pursuant to Rule 34(b)(2)(B), if you object to a Request, the grounds for each objection must be stated with specificity.

7.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

8.      If, in responding to a Request, you encounter any ambiguities when construing a phrase or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding to that Request.

9.      If any Request, or a portion thereof, is duplicative of a previous Request to which documents have already been produced, you need not reproduce such documents but you are requested to notify Plaintiff that such documents are among those already produced, and identify the responsive documents by Bates Number.

10.     If a requested document is maintained in a file, the file folder is included in the Request for production of the document.

11.     It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine. If any Request is susceptible of a construction which calls for the production of such material, that material should be produced with the purportedly privileged portion redacted or removed. When such a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT KIM RAY**                **Page 4**

12.     These Requests shall be deemed continuing. If, after responding to any Request, you obtain or become aware of any further documents or things responsive to these Requests, you are required to supplement your responses and to provide Plaintiff with such additional documents or things without hesitation or delay.

13.     You should produce all documents from the past four years in response to these Requests, unless otherwise instructed.

## DEFINITIONS

14.     The definitions herein may use and incorporate other defined terms.

15.     "And" and "or" shall, for purposes of interpreting and construing the scope and nature of this discovery request, be given the most expansive and inclusive interpretation, unless otherwise stated. These terms shall be construed conjunctively or disjunctively as necessary to make the Request(s) inclusive rather than exclusive.

16.     As used herein, "Communication" or "Communications" means the transmittal of information in any form or medium, including any telephone conversations (including recorded or taped telephone conversations), voice messages (including messages left on cellular phones), letters, correspondence, notes, facsimiles, Email, instant messages, text messages, blog entries, postings on internet websites, internal call notes, internal messaging services such as slack communications, or other forms of written or verbal intercourse (electronic or otherwise), and any Documents exchanged.

17.     As used herein, the term "Concerning" shall mean regarding, in connection with, pertaining to, reflecting, respecting, relating to, referring to, setting forth, describing, evidencing, showing, disclosing, constituting, containing, and terms of similar import.

APP_023

18.     As used herein, "Document" or "Documents" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded,  and voice recorded  materials maintained electronically (including, but not limited to, electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedule transparencies, recordings, audio/digital records, catalogs, advertisements, promotional materials, films, videotapes, audio tapes, digital/audio records, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes.  The term "Document" or "Documents" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.  Any document with marks such as initials, comments, or notations of any kind not identical to one without such marks is to be produced as a

separate document.  If the original of a document contains information not reflected on the copy, please produce the original.

19.      The term "this Lawsuit" refers to the action in which these Requests are being served.

20.      "M.F." refers to Plaintiff M.F., a minor, by and through his father, Michael Fisher, and his mother, Katherine Fisher.

21.      "You" and "Your" refers to the person(s) to whom these Requests are directed.

22.      Any reference to the singular shall be deemed to include the plural, and any reference to the plural shall be deemed to include the singular.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Each Communication You made or received, regardless of the capacity in which You made or received such Communication(s), Concerning the posts M.F. created and published at issue in this Lawsuit.

   **RESPONSE**:


**REQUEST FOR PRODUCTION NO. 2**:  Each Document reflecting any investigation, or any parties thereof, and discipline of M.F. Concerning the posts M.F. created and published at issue in this Lawsuit.

   **RESPONSE**: