IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| M.F., a Minor, by and through his Father, MICHAEL FISHER, and his Mother, KATHERINE FISHER, | § § § § |
| *Plaintiff*, | §   CIVIL ACTION NO. 4:23-CV-01102-O |
| v. | § § § |
| CARROLL INDEPENDENT SCHOOL DISTRICT, WHITNEY WHEELER, in her Individual Capacity and Capacity as Principal of Durham Intermediate School, AND KIM RAY, in her Individual Capacity and Capacity as Assistant Principal and Campus Behavior Coordinator of Durham Intermediate School, | § § § § § § § § § § §   JURY TRIAL DEMANDED |
| *Defendants*. | § |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Carroll Independent School District ("CISD"), Whitney Wheeler, in her capacity as Principal of Durham Intermediate School ("Principal Wheeler"), and Kim Ray, in her capacity as Assistant Principal and Campus Behavior Coordinator of Durham Intermediate School ("Ray" and collectively, "Defendants") hereby file their Answer to Plaintiff's Second Amended Complaint (ECF No. 41, the "Complaint"), and would respectfully show the Court as follows:

Defendants deny the entirety of Plaintiff's unnumbered, introductory paragraphs that contain argument not requiring a specific admission or denial—with the exception of Plaintiff's age, which Defendants admit is twelve. Out of an abundance of caution, Defendants specifically deny that Plaintiff's academic and disciplinary record is "impeccable" and deny the characterization of his social media posts as "benign … normal, verbal barb-throwing." Defendants further specifically deny that Plaintiff made only "two posts" and deny the

characterization of its investigation as a "sham" and characterization of its administrative hearing as a "kangaroo." Defendants specifically deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer. Defendants further deny that Plaintiff will "not receive the same education, be severed from his social relationships, and surely fall behind and suffer social stigma" if he attends the disciplinary alternative education program he is currently attending. Defendants further deny Plaintiff's mischaracterization and misinterpretation of the CISD Code of Conduct, which speaks for itself and is modeled after binding state and federal law. Defendants further deny Plaintiff's mischaracterization and fundamental misunderstanding of the First Amendment, which, along with binding caselaw on the same, speaks for itself. Defendants further deny that CISD "meted out the most severe punishment short of expulsion" and that Plaintiff seeks "injunctive relief" as such request has been withdrawn pursuant to a written agreement between the Parties dated November 15, 2023.

## I.   RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.   Defendants admit the Court has subject matter jurisdiction over this action as alleged in Paragraph 1.

2.   Defendants admit that venue is proper in the Northern District of Texas as alleged in Paragraph 2 but deny that "Carroll Independent School District is the only defendant."

3.   Defendants admit that venue is proper in the Northern District of Texas as alleged in Paragraph 3.

4.   Defendants admit that venue is proper in the Fort Worth Division as alleged in Paragraph 4.

5.   Defendants admit that Plaintiff is a twelve-year-old who attends school in the Carroll Independent School District, as alleged in Paragraph 5 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and

accordingly, deny them.

      6.      Defendants admit the allegations in Paragraph 6.

      7.      Defendants admit the allegations in Paragraph 7.

      8.      Defendants admit the allegations in Paragraph 8.

      9.      Defendants admit the allegations in Paragraph 9.

      10.      Defendants admit the allegations in Paragraph 10.

      11.      Defendants admit the allegations in Paragraph 11.

      12.      Defendants deny the allegations in Paragraph 12. Defendants specifically deny that Plaintiff is an "exemplary student" or "high-achieving pupil with excellent grades and test scores." Defendants further specifically deny that Plaintiff's disciplinary history is "unblemished."

      13.      Defendants admit the allegation in Paragraph 13 that Plaintiff was involved in creating the TikTok account from which the posts relevant to his school discipline and this lawsuit were posted but lack the knowledge or information sufficient to form a belief as to when the account was created and, accordingly, deny the remaining allegations in Paragraph 13.

      14.      Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and accordingly deny them.

      15.      Defendants admit that Plaintiff was involved in creating the TikTok posts relevant to his school discipline and this lawsuit, and that they were posted from Plaintiff's cellphone, but lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and accordingly deny them.

      16.      Defendants deny that Plaintiff "created and published only two of the posts" relevant to his school discipline and this lawsuit, but lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and accordingly deny

them.

17. Defendants admit that one of the TikTok posts Plaintiff published was directed at himself, in an attempt to cover up his participation in and control over the TikTok account. But Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and accordingly deny them.

18. Defendants admit that Plaintiff created and published a TikTok post relevant to Minor #1 but deny that the selective quotations are in any way an accurate representation of the post, its severity, and impact on the learning environment. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and accordingly deny them.

19. Defendants admit that the TikTok posts relevant to Plaintiff's school discipline and this lawsuit were published from Plaintiff's cellphone with his participation and/or permission, but lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and accordingly deny them.

20. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and accordingly deny them.

21. Defendants unequivocally and categorically deny that the Southlake Police Officer referenced in Paragraph 21 is in any way a "Durham official[]" and deny any knowledge of, involvement with, or control over his alleged actions. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and accordingly deny them.

22. Defendants admit they conducted an investigation into Plaintiff's conduct, as required under state and federal law. Defendants deny that Plaintiff's characterization of the

investigation is accurate and maintain that Wheeler's October 26, 2023 letter to Plaintiff's parents speaks for itself. The remaining allegations in Paragraph 22 are denied.

23. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

24. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

25. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

26. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

27. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

28. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

29. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

30. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

31. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

32. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

33. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

34. Defendants admit that Ray separated Plaintiff and Minor #2 into separate rooms for them to write their statements. Defendants deny the remaining allegations in Paragraph 34 and further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

35. Defendants admit that Ray instructed Plaintiff to write a statement on his involvement in the TikTok posts but deny that Ray instructed Plaintiff to swear to his statement. Defendants deny the remaining allegations in Paragraph 35 and further state that Plaintiff's statement speaks for itself.

36. Defendants admit that Wheeler spoke briefly with Plaintiff and asked him if the post he made about himself reflected how he truly felt or if he was being sneaky to cover up his authorship of the other posts. Defendants deny the remaining allegations in Paragraph 36,

including the allegation that Wheeler told Plaintiff his heart was sneaky.

37. Defendants admit that they notified Plaintiff's parents in accordance with the Code of Conduct but deny that there was any delay in doing so, as Mrs. Fisher was called within roughly 60 minutes of when CISD was made aware that interviews were being conducted by the Southlake Police Officer—over whom CISD has no control or authority. Defendants deny the remaining allegations in Paragraph 37 and specifically deny any knowledge of, involvement in, or control over the alleged actions of the Southlake Police Officer.

38. Defendants again deny any knowledge of, involvement in, or control over the alleged actions of the Southlake Police Officer and therefore dispute the alleged characterization of him as "the District." Defendants admit that Wheeler called Mrs. Fisher promptly after she was made aware of the situation, at which time Mrs. Fisher informed Wheeler that she could not talk because she was "getting my hair done." Defendants admit that Mrs. Fisher eventually returned Wheeler's call after her hair appointment concluded and spoke with Ray. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants admit that Mrs. Fisher picked up Plaintiff from school after her hair appointment concluded and that Ray informed her that CISD was contemplating whether to place Plaintiff in DAEP. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny them. Defendants further deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

41. Defendants admit that correspondence was sent from Ray to Plaintiff's parents and maintain that the written correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that Plaintiff's parents were told to provide notice to CISD if they planned to bring legal counsel to the administrative hearing. Defendants further state that written correspondence between Ray and Plaintiff's parents speaks for itself and deny the remaining allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43 and further state that the transcript of the recorded hearing speaks for itself.

44. Defendants admit the allegations in Paragraph 44 and further state that the transcript of the recorded hearing speaks for itself.

45. Defendants admit the allegations in Paragraph 45 and further state that the transcript of the recorded hearing speaks for itself.

46. Defendants deny the allegation in Paragraph 46 that Plaintiff did not participate in the authorship and publication of the "second post" and further state that the transcript of the recorded hearing speaks for itself.

47. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 that Plaintiff was ever scared or confused when he repeatedly lied about his involvement, and therefore deny them. Defendants admit that Plaintiff took responsibility for the post involving Minor #1 and but deny the remaining allegations in Paragraph 47 and continue to deny any knowledge of, involvement in, or control over the alleged actions of a Southlake Police Officer.

48. Defendants deny that Plaintiff received the "second-most severe punishment aside from expulsion," and deny that Plaintiff is "an excellent academic performer with no serious disciplinary infractions on his record." Defendants deny the remaining allegations in Paragraph 48 and state that the transcript of the recorded hearing speaks for itself.

49. Defendants deny the allegations in Paragraph 49 and further state that the transcript of the recorded hearing speaks for itself.

50. Defendants admit the allegations in Paragraph 50 and further state that the transcript of the recorded hearing speaks for itself.

51. Defendants admit that Plaintiff and his parents were informed of the disciplinary decision on October 29, 2023, but deny the remaining allegations in Paragraph 51 and further state that the written correspondence between Plaintiff's parents and CISD speaks for itself.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–52 of the Complaint.

54. Defendants deny the allegations and legal conclusions in Paragraph 54.

55. Defendants deny the characterization of Plaintiff's speech as "protected" in Paragraph 55 but admit they conducted an investigation into the same, as required by state and federal law.

56. Defendants admit that Plaintiff received a three-day out of school suspension, while they conducted an investigation into his conduct, but deny the remaining allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57 and further state that the transcript of the recorded hearing speaks for itself.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants admit the allegation in Paragraph 59 that they at all times acted under the color of state law.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–60 of the Complaint.

62. Defendants deny that the quoted material in Paragraph 62 is from the Code of Conduct and further state that the Code of Conduct speaks for itself.

63. Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 contains legal argument to which no admission or denial is required.

65. Paragraph 65 contains legal argument to which no admission or denial is required.

66. Defendants again deny that the quoted material in Paragraph 66 is from the Code of Conduct and further state that the Code of Conduct speaks for itself and complies with the First Amendment.

67. Defendants again deny that the quoted material in Paragraph 67 is from the Code of Conduct and further state that the Code of Conduct speaks for itself and complies with the First Amendment.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–68 of the Complaint.

70. Defendants again deny that the quoted material in Paragraph 70 is from the Code of Conduct and further state that the Code of Conduct speaks for itself.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 contains legal argument to which no admission or denial is required.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants are not required to admit or deny the allegations contained in Paragraph 77 or its subparts A–F, but nonetheless Defendants deny that Plaintiff is entitled to any of the relief he seeks.

## II. AFFIRMATIVE DEFENSES

1. Without assuming the burden of proof where it otherwise rests with the Plaintiff, and without waiving their rights to file an otherwise responsive pleading under the Federal Rules of Civil Procedure, Defendants plead the following defenses to the Complaint:

2. Plaintiff fails to state any claim against Defendants upon which relief may be granted and cannot obtain his requested relief from Defendants.

3. Defendants fully complied with their statutory and regulatory obligations under both state and federal law at all relevant times.

4. Defendants Wheeler and Ray are entitled to qualified immunity.

5. On information and belief, Plaintiff has suffered no damages.

6. On information and belief, Plaintiff has wholly failed to mitigate his damages, to the extent he has any.

7. On information and belief, Plaintiff's claims are barred, in whole or in part, by his own conduct and/or negligence.

8. On information and belief, Plaintiff's claims are barred by the equitable doctrine of unclean hands.

9. On information and belief, any claim for damages by Plaintiff is barred, in whole or in part, by the doctrines of estoppel, including but not limited to quasi-estoppel and equitable estoppel.

10. Defendants reserve the right to raise additional defenses that become apparent through discovery, as permitted by the Court, and the factual development of this action.

## III. ATTORNEYS' FEES

11. Defendants reserve all of their rights to seek attorneys' fees pursuant to Tex. Educ. Code § 22.0517.

## IV. PRAYER

For the foregoing reasons, Defendants respectfully pray that the Court dismiss Plaintiff's suit against them, and grant such other and further relief to which Defendants may show themselves to be justly entitled, both general and special, at law and in equity.

Respectfully submitted,

*/s/ Timothy Davis*
Timothy Davis
State Bar No. 24086142
tdavis@jw.com
Allison Allman
State Bar No. 24094023
aallman@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102-5360
Tel. (817) 334-7246
Fax (817) 870-5146

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2023, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

Mazin A. Sbaiti
mas@sbaitilaw.com
Jonathan Bridges
jeb@sbaitilaw.com
Griffin S. Rubin
gsr@sbaitilaw.com
SBAITI & COMPANY PLLC
Dallas Arts Tower
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF**

                                        */s/ Allison Allman*
                                        Allison Allman