UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| M.F., a minor, by and through his father, MICHAEL FISHER, et al. | § § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | 4:23-CV-01102-O |
| CARROLL INDEPENDENT SCHOOL DISTRICT, et al. | § § § | |

# CITY OF SOUTHLAKE'S AND OFFICER WORMLEY'S UNOPPOSED MOTION TO VACATE FEBRUARY 16, 2024 DISCOVERY CUTOFF AND TO QUASH DEPOSITIONS OF MICHAEL AND KATHERINE FISHER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now come Defendants City of Southlake and Officer Wormley ("City Defendants") and seek emergency or expedited relief as follows:

## I. SUMMARY OF MOTION

Pending before the Court is the earlier February 12, 2024 Motion by Defendants' City of Southlake and Officer Wormely to modify the Scheduling Order (Doc. 63). All parties have now indicated that earlier Motion is unopposed (See Doc. 65). On the afternoon of February 14, 2024, the undersigned first learned that depositions of Michael Fisher and Katherine Fisher are scheduled for Friday, February 16, 2024 beginning at 10:00 a.m. in the offices of Timothy Davis, counsel for Carroll I.S.D., Principal Wheeler and Assistant Principal Ray (the C.I.S.D. Defendants). The undersigned does not have a copy of a Notice of Deposition or any communication setting up the depositions by agreement, but in conversation on the afternoon of February 14, 2024 between the C.I.S.D. Defendants' counsel Timothy Davis and Plaintiffs' counsel, Mark Whitburn, he first learned that such depositions are scheduled. Had the undersigned been aware of such depositions at the time of the filing of the February 12, 2024 Motion (Doc. 63), he would have included a request for relief regarding said depositions.

___

**UNOPPOSED MOTION TO VACATE DISCOVERY CUTOFF AND QUASH PLAINTIFFS' DEPOSITIONS – Page 1**

## II. QUALIFIED IMMUNITY

The City Defendants' undersigned attorney has spent a considerable amount of time during less than one week investigating this matter and conducting legal research specific to the claims asserted against the City Defendants. The research has focused on the law applicable to the claims of a constitutional violation and Officer Wormley's assertion of qualified immunity, coupled with the realization that the reasonableness requirements of the Fourth, Fifth and Fourteenth Amendments as well as potential substantive due process implications of the Fourteenth Amendment are considered in the context of the age of the minor Plaintiff.

Out of respect to the Court and parties, and in recognition of his ethical obligations as well as the requirements of Fed. R. Civ. P. 11, the undersigned does not intend to file a request for early dispositive relief on Officer Wormley's qualified immunity defense without adequate investigation appropriate to the circumstances. As an example of at least one case that found qualified immunity in favor of defendants under some similar circumstances, and that collected cases analyzing similar claims, Defendant Movants cite C.G. v. City of Fort Lupton, 2014 WL 2597165 (D.Colo. 2014). Based on the City of Fort Lupton case, other cases that have been reviewed, together with the allegations in the Third Amended Complaint, (Doc. 57) as well as information in the record, Officer Wormley is asserting qualified immunity. However, his undersigned counsel has not determined at this very early stage whether a dispositive motion will be filed at all, or if so under Fed. R. Civ. P. 12(b)(6) or 56. Because the Fourteenth Amendment claims involve a substantive due process analysis, the undersigned also intends to rely on at least in part this Court's analysis of a substantive due process claim in another fairly recent case. *See*: Case 4:21-CV-862-O, Troy Brooks v. City of Arlington and Ravi Singh, Order (Granting Officer Singh's Motion to Dismiss) (Doc. 27, June 17, 2022).

Based on Officer Wormley's assertion of qualified immunity, the Fifth Circuit mandates that no discovery may proceed until the Court has addressed his qualified immunity defense. Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022), *cert. denied* 144 S.Ct. 73 (2023).  In fact, Officer Wormely faces the exact predicament recognized by the Supreme Court – an individual asserting qualified immunity is entitled to a stay of discovery involving other parties, even if the discovery is not directed at the Defendant asserting immunity, because that Defendant must protect his position.  Ashcroft v. Iqbal, 556 U.S. 662, 685-86 (2009).

### III.  REQUESTED RELIEF AND PRAYER

The City Defendants request that the Court immediately vacate the February 16, 2024 deadline for completing discovery until such time as the Court has ruled on the City Defendants' earlier Motion to Modify the Scheduling Order (Doc. 63), and that the Court quash the depositions of Michael Fisher and Katherine Fisher currently set for February 16, 2024[1].

Respectfully submitted,

　/s/*James T. Jeffrey, Jr.*　
JAMES T. JEFFREY, JR.
State Bar No. 10612300
LAW OFFICES OF JIM JEFFREY
3200 W. Arkansas Lane
Arlington, Texas 76016
(817) 261-3200
Fax (817) 275-5826
Email: jim@jeffrey.law
**ATTORNEY FOR DEFENDANTS CITY OF SOUTHLAKE AND OFFICER WORMLEY**

---

[1] While recognizing that appearing and participating in the February 16, 2024 depositions, at least on the surface, undercuts any future request by or on behalf of Officer Wormley to issue a blanket stay of discovery until his qualified immunity defense has been addressed, under the extremely fast-moving circumstances that have taken place since the attorney for the City and Officer Wormley has accepted defense of this case, the attorney intends to appear and participate in the depositions if the Court does not quash the depositions.  Further, because the Court has not stayed or vacated the February 16, 2024 discovery deadline, counsel for the C.I.S.D. Defendants and for the Plaintiffs also intend to go forward with the depositions in view of the current February 16, 2024 deadline under the Scheduling Order (Doc. 40 p. 1).

**UNOPPOSED MOTION TO VACATE DISCOVERY CUTOFF AND QUASH PLAINTIFFS' DEPOSITIONS – Page 3**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the afternoon of February 14, 2024 at about 3:00 p.m., he first learned of the depositions that are scheduled to begin on Friday morning, February 16, 2024, and that he immediately conferred with Timothy Davis, counsel for C.I.S.D. Defendants and Mark Whitburn, counsel for Plaintiffs' attorney, advised of his intention to file this Motion, described this intended Motion in detail, and both counsel stated they were unopposed to the Motion, but that both counsel intended to go forward with the depositions unless the Court takes action as requested herein.

    /s/*James T. Jeffrey, Jr.*
JAMES T. JEFFREY, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record for all parties this 14th day of February, 2024 by electronic service through the ECF System for the Northern District of Texas.

    /s/*James T. Jeffrey, Jr.*
JAMES T. JEFFREY, JR.