**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **M.F., et al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-01102-O** |
| | § | |
| **CARROLL INDEPENDENT SCHOOL** | § | |
| **DISTRICT, et al.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants Carroll Independent School District ("CISD"), Whitney Wheeler, in her capacity as Principal of Durham Intermediate School ("Principal Wheeler"), and Kim Ray, in her capacity as Assistant Principal and Campus Behavior Coordinator of Durham Intermediate School ("Ray" and collectively, "CISD Defendants") hereby file their Answer to Plaintiffs' Third Amended Complaint (ECF No. 57, the "Complaint"), and would respectfully show the Court as follows:

CISD Defendants deny the entirety of Plaintiffs' unnumbered, introductory paragraphs that contain argument not requiring a specific admission or denial—with the exception of Plaintiffs' age, which the CISD Defendants admit is twelve. Out of an abundance of caution, the CISD Defendants specifically deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants further deny the characterization of the disciplinary proceeding involving M.F. as "farcical" or the evidence it considered as "flims[y]." CISD Defendants further deny that M.F.'s placement at the Disciplinary Alternative Education Program ("DAEP")—a placement to which Plaintiffs agreed during the course of this case—meant that "he would not receive the same education, would be severed from his social relationships, would fall

behind, and would suffer tremendous social stigma, to say nothing of the psychological consequences stemming from a punishment so disproportionate to the level of the alleged offense." CISD Defendants further deny Plaintiffs' mischaracterization and misinterpretation of the CISD Code of Conduct, which speaks for itself and is modeled after binding state and federal law. CISD Defendants further deny Plaintiffs' mischaracterization and fundamental misunderstanding of the First Amendment, which, along with binding caselaw on the same, speaks for itself.

## I.     RESPONSES TO PLAINTIFFS' ALLEGATIONS

1.     CISD Defendants admit the Court has subject matter jurisdiction over this action as alleged in Paragraph 1.

2.     CISD Defendants admit that venue is proper in the Northern District of Texas as alleged in Paragraph 2 but deny that Carroll Independent School District is the only defendant."

3.     CISD Defendants admit that venue is proper in the Northern District of Texas as alleged in Paragraph 3.

4.     CISD Defendants admit that venue is proper in the Fort Worth Division as alleged in Paragraph 4.

5.     CISD Defendants admit that M.F. is a twelve-year-old who attends school in the Carroll Independent School District, as alleged in Paragraph 5 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and accordingly, deny them.

6.     CISD Defendants admit the allegations in Paragraph 6.

7.     CISD Defendants admit the allegations in Paragraph 7.

8.     CISD Defendants admit the allegations in Paragraph 8.

9.     CISD Defendants admit the allegations in Paragraph 9.

10.     CISD Defendants admit the allegations in Paragraph 10.

11.     CISD Defendants admit the allegations in Paragraph 11.

12.     CISD Defendants admit the allegations in Paragraph 12.

13.     CISD Defendants admit the allegations in Paragraph 13.

14.     CISD Defendants specifically deny the allegations in Paragraph 14 that M.F. is an "exemplary student" or "high-achieving pupil with excellent grades and test scores." CISD Defendants further specifically deny that M.F.'s disciplinary history is "unblemished."

15.     CISD Defendants admit the allegation in Paragraph 15 that M.F. was involved in creating the TikTok account from which the posts relevant to his school discipline and this lawsuit were posted, as he created it, but lack the knowledge or information sufficient to form a belief as to when the account was created and, accordingly, deny the remaining allegations in Paragraph 15.

16.      CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and accordingly deny them.

17.     CISD Defendants admit that M.F. and Minor #2 were "hanging out at Minor #2's house" in the proposed time frame, and that M.F. was involved in creating the TikTok posts relevant to his school discipline and this lawsuit, and they were posted from M.F.'s cellphone, but deny the remaining allegations in Paragraph 17.

18.     CISD Defendants deny the allegations in Paragraph 18.

19.     CISD Defendants admit that one of the TikTok posts M.F. published was directed at himself, in an attempt to cover up his participation in and control over the TikTok account. But CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and accordingly deny them.

20.     CISD Defendants admit the allegation in Paragraph 20 that M.F. created and published a TikTok post relevant to Minor #1 but deny the insinuation that it is one of only two

posts he created and published, and deny that the selective quotations are in any way an accurate representation of the post, its severity, and impact on the learning environment. CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and accordingly deny them.

21.     CISD Defendants admit the allegation in Paragraph 21 that M.F. "created and posted" at least two posts to the TikTok account from his cell phone on October 20, 2023 but deny that those are the only two posts M.F. helped create and/or post.

22.     CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and accordingly deny them.

23.     CISD Defendants admit that the post involving Minor #1 was discussed in a meeting Monday morning, before the full extent of the damaging and disruptive nature of the TikTok posts were known. CISD Defendants deny the remaining allegations in Paragraph 23.

24.     CISD Defendants deny the allegations in Paragraph 24 as parent outcry was one of several factors that revealed the full extent of the damaging and disruptive nature of the TikTok posts on the learning environment.

25.     CISD Defendants deny the allegations in Paragraph 25, as the investigation conducted by Officer Wormley was done without the CISD Defendants' knowledge, involvement, or control.

26.     CISD Defendants deny any knowledge of, involvement with, or control over Officer Wormley's alleged actions in Paragraph 26. CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and accordingly deny them.

27.     CISD Defendants deny any knowledge of, involvement with, or control over

Officer Wormley's alleged actions in Paragraph 27. CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and accordingly deny them.

28.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

29.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

30.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

31.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

32.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

33.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

34.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them. CISD Defendants further

deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

35.     CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

36.     CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

37.     CISD Defendants admit the allegation in Paragraph 37 that Ray separated M.F. and Minor #2 into separate rooms for them to write their statements. Defendants deny the remaining allegations in Paragraph 37 and further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

38.     CISD Defendants admit the allegation in Paragraph 38 that Ray instructed M.F. to write a statement on his involvement in the TikTok posts but deny that Ray instructed M.F. to swear to his statement. CISD Defendants deny the remaining allegations in Paragraph 38 and further state that M.F.'s statement speaks for itself.

39.     CISD Defendants admit the allegation in Paragraph 39 that Wheeler spoke briefly with M.F. and asked him if the post he made about himself reflected how he truly felt or if he was being sneaky to cover up his authorship of the other posts. CISD Defendants deny the remaining allegations in Paragraph 39, including the allegation that Wheeler told M.F. his heart was sneaky.

40.     CISD Defendants admit the allegation in Paragraph 40 that they notified M.F.'s parents in accordance with the Code of Conduct but deny that there was any delay in doing so, as Mrs. Fisher was called within roughly 60 minutes of when CISD was made aware that interviews were being conducted by the Officer Wormley—over whom CISD has no control or authority.

CISD Defendants deny the remaining allegations in Paragraph 40 and specifically deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

41.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley and therefore dispute the alleged characterization of him as "the District." CISD Defendants admit that Wheeler called Plaintiff Katherine. Fisher promptly after she was made aware of the situation, at which time Katherine Fisher informed Wheeler that she could not talk because she was "getting my hair done." CISD Defendants admit that Katherine Fisher eventually returned Wheeler's call after her hair appointment concluded and spoke with Ray. CISD Defendants deny the remaining allegations in Paragraph 41.

42.    CISD Defendants admit that Mrs. Fisher picked up M.F. from school after her hair appointment concluded and that Ray informed her that CISD was contemplating whether to place M.F. in DAEP. CISD Defendants deny the remaining allegations in Paragraph 42.

43.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny them. CISD Defendants further deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

44.    CISD Defendants admit that correspondence was sent from Ray to M.F.'s parents and maintain that the written correspondence speaks for itself. CISD Defendants deny the remaining allegations in Paragraph 44.

45.    CISD Defendants admit that M.F.'s parents were told to provide notice to CISD if they planned to bring legal counsel to the administrative hearing. CISD Defendants further state that written correspondence between Ray and M.F.'s parents speaks for itself and deny the remaining allegations in Paragraph 45.

46.    CISD Defendants admit the allegations in Paragraph 46 and further state that the

transcript of the recorded hearing speaks for itself.

47.    CISD Defendants deny the mischaracterization of its disciplinary hearing in Paragraph 47 and further state that the transcript of the recorded hearing speaks for itself. CISD Defendants deny the mischaracterization of how Wheeler and Ray "viewed themselves." CISD Defendants admit the remaining allegations in Paragraph 47.

48.    CISD Defendants admit the allegations in Paragraph 48 and further state that the transcript of the recorded hearing speaks for itself.

49.    CISD Defendants deny the allegation in Paragraph 49 that M.F. did not participate in the authorship and publication of the "second post" and further state that the transcript of the recorded hearing speaks for itself.

50.    CISD Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 that M.F. was ever scared or confused when he repeatedly lied about his involvement, and therefore deny them. CISD Defendants admit that M.F. took responsibility for the post involving Minor #1 and but deny the remaining allegations in Paragraph 50 and continue to deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

51.    CISD Defendants deny that M.F. received the "second-most severe punishment aside from expulsion," and deny that M.F. is "an excellent academic performer with no serious disciplinary infractions on his record." CISD Defendants deny the remaining allegations in Paragraph 51 and state that the transcript of the recorded hearing speaks for itself.

52.    CISD Defendants deny the allegations in Paragraph 52 and further state that the transcript of the recorded hearing speaks for itself.

53.    CISD Defendants admit the allegations in Paragraph 53 and further state that the

transcript of the recorded hearing speaks for itself.

54.     CISD Defendants admit that M.F. and his parents were informed of the disciplinary decision on October 29, 2023, but deny the remaining allegations in Paragraph 54 and further state that the written correspondence between M.F.'s parents and CISD speaks for itself.

55.     CISD Defendants admit that M.F. received forty-five days of DAEP but deny the allegations in Paragraph 55.

56.     CISD Defendants deny the allegations in Paragraph 56.

57.     CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–56 of the Complaint.

58.     CISD Defendants deny the allegations and legal conclusions in Paragraph 58.

59.     CISD Defendants deny the characterization of M.F.'s speech as "protected" in Paragraph 59 but admit they conducted an investigation into the same, as required by state and federal law.

60.     CISD Defendants admit that M.F. received a three-day out of school suspension, while they conducted an investigation into his conduct, but deny the remaining allegations in Paragraph 60.

61.     CISD Defendants deny the allegations in Paragraph 61 and further state that the transcript of the recorded hearing speaks for itself.

62.     CISD Defendants deny the allegations in Paragraph 62.

63.     CISD Defendants deny the characterization of activities as "impermissible" but admit the remaining allegations in Paragraph 63.

64.     CISD Defendants deny the allegations in Paragraph 64.

65.     CISD Defendants repeat, re-allege and incorporate herein by reference as if fully

set forth their responses to paragraphs 1–64 of the Complaint.

66.     CISD Defendants deny that the quoted material in Paragraph 66 is from the Code of Conduct and further state that the Code of Conduct speaks for itself.

67.     CISD Defendants deny the allegations in Paragraph 67.

68.     Paragraph 68 contains legal argument to which no admission or denial is required.

69.     Paragraph 69 contains legal argument to which no admission or denial is required.

70.     CISD Defendants again deny that the quoted material in Paragraph 70 is from the Code of Conduct and further state that the Code of Conduct speaks for itself and complies with the First Amendment.

71.     CISD Defendants again deny that the quoted material in Paragraph 71 is from the Code of Conduct and further state that the Code of Conduct speaks for itself and complies with the First Amendment.

72.     CISD Defendants deny the allegations in Paragraph 72.

73.     CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–72 of the Complaint.

74.     CISD Defendants again deny that the quoted material in Paragraph 74 is from the Code of Conduct and further state that the Code of Conduct speaks for itself.

75.     CISD Defendants deny the allegations in Paragraph 75.

76.     CISD Defendants deny the allegations in Paragraph 76.

77.     Paragraph 77 contains legal argument to which no admission or denial is required.

78.     CISD Defendants deny the allegations in Paragraph 78.

79.     CISD Defendants deny the allegations in Paragraph 79.

80.     CISD Defendants deny the allegations in Paragraph 80.

81.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–80 of the Complaint.

82.    Paragraph 82 contains legal argument to which no admission or denial is required.

83.    CISD Defendants deny the allegations in Paragraph 83 as it had no knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

84.    CISD Defendants deny the allegations in Paragraph 84.

85.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley and therefore dispute the alleged characterization of him as "the District." CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and accordingly, deny them.

86.    CISD Defendants deny the allegations in Paragraph 86.

87.    CISD Defendants deny the allegations in Paragraph 87.

88.    CISD Defendants deny the allegations in Paragraph 88.

89.    CISD Defendants deny the allegations in Paragraph 89.

90.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–89 of the Complaint.

91.    Paragraph 91 contains legal argument to which no admission or denial is required.

92.    Paragraph 92 contains legal argument to which no admission or denial is required.

93.    CISD Defendants deny the allegations in Paragraph 93.

94.    CISD Defendants deny the allegations in Paragraph 94 as it had no knowledge of, involvement in, or control over the alleged actions of Officer Wormley.

95.    CISD Defendants deny the allegations in Paragraph 95 and further state that the transcript of the recorded hearing speaks for itself.

96.    CISD Defendants deny the allegations in Paragraph 96.

97.    CISD Defendants deny the allegations in Paragraph 97.

98.    CISD Defendants deny the allegations in Paragraph 98.

99.    CISD Defendants deny the allegations in Paragraph 99.

100.    CISD Defendants deny the allegations in Paragraph 100.

101.    CISD Defendants deny the allegations in Paragraph 101.

102.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–101 of the Complaint.

103.    Paragraph 103 contains legal argument to which no admission or denial is required.

104.    CISD Defendants deny the allegations in Paragraph 104.

105.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–104 of the Complaint.

106.    Paragraph 106 contains legal argument to which no admission or denial is required.

107.    CISD Defendants deny the allegations in Paragraph 107.

108.    CISD Defendants deny the allegations in Paragraph 108.

109.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley and therefore dispute the alleged characterization of him as "the District." CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and accordingly, deny them.

110.    CISD Defendants deny the allegations in Paragraph 110.

111.    CISD Defendants deny the allegations in Paragraph 111.

112.    CISD Defendants deny the allegations in Paragraph 112.

113.    CISD Defendants again deny any knowledge of, involvement in, or control over

the alleged actions of Officer Wormley and therefore dispute the alleged characterization of him as "the District." CISD Defendants deny the remaining allegations in Paragraph 113.

114.   CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–113 of the Complaint.

115.   CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and accordingly, deny them.

116.   CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, and accordingly, deny them.

117.   CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and accordingly, deny them.

118.   CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and accordingly, deny them.

119.   CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119, and

accordingly, deny them.

120.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, and accordingly, deny them.

121.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121, and accordingly, deny them.

122.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–121 of the Complaint.

123.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123, and accordingly, deny them.

124.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124, and accordingly, deny them.

125.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and accordingly, deny them.

126.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and accordingly, deny them.

127.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and accordingly, deny them.

128.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, and accordingly, deny them.

129.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and accordingly, deny them.

130.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and accordingly, deny them.

131.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, and

accordingly, deny them.

132.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and accordingly, deny them.

133.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and accordingly, deny them.

134.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–133 of the Complaint.

135.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and accordingly, deny them.

136.    CISD Defendants admit that Officer Wormley never notified them of his investigation and again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and accordingly, deny them.

137.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and accordingly, deny them.

138.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–137 of the Complaint.

139.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and accordingly, deny them.

140.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and accordingly, deny them.

141.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and accordingly, deny them.

142.    CISD Defendants repeat, re-allege and incorporate herein by reference as if fully set forth their responses to paragraphs 1–141 of the Complaint.

143.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143, and accordingly, deny them.

144.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and

accordingly, deny them.

145.    CISD Defendants again deny any knowledge of, involvement in, or control over the alleged actions of Officer Wormley. CISD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, and accordingly, deny them.

146.    CISD Defendants are not required to admit or deny the allegations contained in Paragraph 146 or its subparts A–O, but nonetheless CISD Defendants deny that Plaintiffs are entitled to any of the relief they seek.

## II.    AFFIRMATIVE DEFENSES

1.    Without assuming the burden of proof where it otherwise rests with Plaintiffs, and without waiving their rights to file an otherwise responsive pleading under the Federal Rules of Civil Procedure, CISD Defendants plead the following defenses to the Complaint:

2.    Plaintiffs fail to state any claim against CISD Defendants upon which relief may be granted and cannot obtain his requested relief from CISD Defendants.

3.    CISD Defendants fully complied with their statutory and regulatory obligations under both state and federal law at all relevant times.

4.    Defendants Wheeler and Ray are entitled to qualified immunity.

5.    Plaintiffs failed to exhaust administrative remedies.

6.    On information and belief, Plaintiffs have suffered no damages.

7.    On information and belief, Plaintiffs have wholly failed to mitigate their damages, to the extent they have any.

8.    On information and belief, Plaintiffs' claims are barred, in whole or in part, by their own conduct and/or negligence.

9.     On information and belief, Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

10.     On information and belief, any claim for damages by Plaintiffs is barred, in whole or in part, by the doctrines of estoppel and waiver, including but not limited to quasi-estoppel and equitable estoppel.

11.     On information and belief, if any Plaintiff suffered any damage, that damage was due to the acts or omissions of others, including acts or omissions of other Defendants to this litigation, and for which CISD Defendants have no vicarious liability. Any such act or omission constitutes an intervening and superseding cause of the Plaintiffs' alleged damages.

12.     CISD Defendants reserve the right to raise additional defenses that become apparent through discovery, as permitted by the Court, and the factual development of this action.

### III.     ATTORNEYS' FEES

13.     CISD Defendants reserve all of their rights to seek attorneys' fees pursuant to Tex. Educ. Code § 22.0517.

### IV.     PRAYER

For the foregoing reasons, CISD Defendants respectfully pray that the Court dismiss Plaintiffs' suit against them, and grant such other and further relief to which CISD Defendants may show themselves to be justly entitled, both general and special, at law and in equity.

Respectfully submitted,

*/s/ Timothy Davis*
Timothy Davis
State Bar No. 24086142
tdavis@jw.com
Allison Allman
State Bar No. 24094023
aallman@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102-5360
Tel. (817) 334-7246
Fax (817) 870-5146

**ATTORNEYS FOR CISD DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2024, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

Sean Pevsner
spevsner@whitburnpevsner.com
Mark Whitburn
mwhitburn@whitburnpevsner.com
WHITBURN & PEVSNER, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006

- AND -

Thomas S. Leatherbury
tom@tsleatherburylaw.com
Peter B. Steffensen
psteffensen@smu.edu
Cumberland Hill School Building
1901 N. Akard St.
Dallas, TX 75201

**ATTORNEYS FOR PLAINTIFFS**

James T. Jeffrey, Jr.
jim@jeffrey.law
LAW OFFICES OF JIM JEFFREY
3200 W. Arkansas Lane
Arlington, Texas 76016

**ATTORNEY FOR CITY DEFENDANTS**

*/s/ Allison Allman*
Allison Allman